UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Melissa Bonoffski,<br><br>          Plaintiff,<br>v.<br><br>WCG and Associates International, L.L.C.; and DOES 1-10, inclusive,<br><br>          Defendants. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Melissa Bonoffski, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Melissa Bonoffski ("Plaintiff"), is an adult individual residing in Bristol, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant WCG and Associates International, L.L.C. ("WCG"), is a Colorado business entity with an address of 4643 Stone Manor Heights, Colorado Springs, Colorado 80906, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.  Does 1-10 (the "Collectors") are individual collectors employed by WCG and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  WCG at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.  The Plaintiff incurred a financial obligation (the "Debt").

9.  The Debt arose from services provided by a creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to WCG for collection, or WCG was employed by the creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. WCG Engages in Harassment and Abusive Tactics

12. The Defendants telephoned the Plaintiff at her place of employment. The Plaintiff told the Defendants that she cannot receive telephone calls at work, and requested that they stop calling her there. The Defendants continued to call her at work despite this request.

13. The Defendants refused to give the Plaintiff any information regarding the amount of the original debt or the original creditor.

14. The Defendants were rude and threatening to the Plaintiff during telephone conversations.

15. The Defendants told the Plaintiff that uniformed officers were going to her workplace to serve her with papers.

16. The Defendants threatened to garnish half of the Plaintiff's salary.

17. The Defendants disclosed detail of the Debt to two managers at the Plaintiff's workplace.

18. The Defendants failed to mail the Plaintiff a validation notice informing her of the amount of the Debt or identifying the original creditor.

19. The Defendants failed to mail the Plaintiff a notice informing her of her right to dispute the Debt or to receive verification of the Debt.

### C. Plaintiff Suffered Actual Damages

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that the Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that the Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that the Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

27. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that the Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

28. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that the Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that the Defendants used profane and abusive language when speaking with the consumer.

30. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that the Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that the Defendants threatened the Plaintiff with garnishment if the debt was not paid.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that the Defendants threatened to take legal action, without actually intending to do so.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that the Defendants employed false and deceptive means to collect a debt.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that the Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that the Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that the Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

37. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that the Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

38. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that the Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

39. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that the Defendants continued collection efforts even though the debt had not been validated.

40. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

41. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

### ,INVASION OF PRIVACY BY INTRUSION UPON,SECLUSION

42.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44.     Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Connecticut state law.

45.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her place of employment.

46.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

47.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

49.     All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,

### Conn. Gen. Stat. § 42-110a, et seq.

50. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The Defendants are each a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

52. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

53. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

55. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

56. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Connecticut.

57. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 16, 2010

Respectfully submitted,

By _____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorney for Plaintiff